In re Kelly **FULFER** and Brenda **Fulfer**, d/b/a **Fulfer's** Excavation, Debtors.

**GONZALES CONSTRUCTION COMPANY, Plaintiff,**

**v.**

**Jack FULFER and Jane Doe I Fulfer, husband and wife and the marital community comprised thereof, d/b/a Fulfer's Excavation; Kerry Fulfer and Jane Doe II Fulfer, husband and wife and the marital community comprised thereof, d/b/a Fulfer's Excavation; Kelly Fulfer and Jane Doe III Fulfer, husband and wife and the marital community comprised thereof, d/b/a Fulfer's Excavation; Brenda Fulfer and John Doe I Fulfer, wife and husband and the marital community comprised thereof, d/b/a Fulfer's Excavation; Clay Fulfer and Jane Doe IV Fulfer, husband and wife and the marital community comprised thereof, Defendants.**

**Bankruptcy No. 91–01068.
Adv. No. 93–6055.**

United States Bankruptcy Court,
D. Idaho.

Oct. 4, 1993.

Irvin B. Paul, Happin Ewing, Coeur d'Alene, ID, for plaintiff, counter-defendant.

Rodney T. Buttars, Steven J. Pierce, Pierce Associates, Boise, ID, for defendant, counter-claimants.

Fredrick J. Hahn, III, Boise, ID, for defendants.

Brenda Fulfer, Meridian, ID, pro se.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

The plaintiff in this adversary proceeding, S.A. Gonzales Construction Inc. ("Gonzales Construction"), moves this Court to abstain from hearing this action and remand it to state court. Kelly and Brenda Fulfer, the debtors in the above captioned bankruptcy and two of the numerous defendants in this action, oppose the motion. For the reasons discussed below, this Court grants the motion to abstain and remand.

Gonzales Construction is a construction company that entered into a road construction contract with the Idaho Department of Transportation. Gonzales Construction in turn entered into a subcontract with Fulfer Excavation. Fulfer Excavation is not a corporation, and the debtors are at least part owners of the entity.[1] This action arises out of that contractual relationship. Gonzales Construction alleges essentially two causes of action: (1) breach of contract; and (2) negligent misrepresentation.[2]

---

[1] Gonzales Construction alleged in the complaint that the other defendants (with the exception of Clay Fulfer) are also part owners of Fulfer Excavation. For the purpose of this motion it is unnecessary to reach this issue.

[2] Three causes of action are pleaded. The first cause of action is breach of contract, alleging

Debtors removed the action to this Court on March 16, 1993. Gonzales Construction filed its motion for abstention and remand on July 29, 1993.

■ The requirements for mandatory abstention are set forth in 28 U.S.C. § 1334(c)(2). Seven elements must be found for mandatory abstention to apply: (1) A timely motion by the party seeking abstention; (2) the action involves purely state law questions; (3) the action is "related to a case under title 11 [but not arising under title 11 or arising in a case under title 11];" (4) there is no independent federal jurisdiction over the action absent the petition under Title 11; (5) the action is commenced in a state court; (6) the state court action may be timely adjudicated; and (7) a state forum of appropriate jurisdiction exists.

*Bowen Corp., Inc. v. Security Pacific Bank Idaho, F.S.B. (In re Bowen Corp., Inc.),* 150 B.R. 777, 781–82 (Bankr.D.Idaho 1993).

■ Though four months elapsed between the filing of the removal petition and the motion for abstention and remand, the Court finds the motion is timely. First, debtors do not contend it is untimely. Second, at least one court has held a remand motion timely that was filed eight months after the action was removed from state court. *Robinson v. Michigan Consolidated Gas Co., Inc.,* 918 F.2d 579, 584 (6th Cir.1990) (that case was removed from state court on December 15, 1986; the motion to remand was filed August 31, 1987).

■ This action is based entirely in state law. Because the action is neither "created [n]or determined by a statutory provision of title 11," it is not a case "arising under title 11." *Eastport Assoc. v. City of Los Angeles (In re Eastport Assoc.),* 935 F.2d 1071, 1076 (9th Cir.1991) (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 96 (5th Cir.1987)). Neither is this action one "arising in a case under title 11," inasmuch as such actions are "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Eastport, supra,* 935 F.2d at 1076 (quoting *Wood, supra,* 825 F.2d at 97). This case is, rather, "related to a case under title 11" by virtue of the fact that it could conceivably have an effect on the bankruptcy estate. *Bowen, supra,* 150 B.R. at 782.

■ There is no federal jurisdiction other than under 28 U.S.C. § 1334, since there is no diversity among the parties and no federal question at issue. The action has already been commenced in state court, and the fact the action has been removed to this Court does not negate this element of the test. *Bowen, supra,* 150 B.R. at 783. There is no reason to believe this matter could not be timely adjudicated in the state courts. Finally, the existence of this action in the state court is prima facie evidence that a state court of competent jurisdiction exists.

■ All of the elements for mandatory abstention exist, and the Court therefore finds mandatory abstention appropriate. The action will be remanded to the state court pursuant to 28 U.S.C. § 1452(b).[3] *See Bowen, supra,* 150 B.R. at 786.

Accordingly, it is

ORDERED:

The motion of Gonzales Construction Co. to abstain and remand this case to state court is GRANTED.

---

damages for an unspecified failure to perform as required under the contract. The second cause of action is also for breach of contract, alleging the defendants' failure to comply with federal labor laws resulted in the withholding of payments to Gonzales Construction. Defendants allegedly failed to indemnify and hold harmless Gonzales Construction pursuant to their contractual terms. The third cause of action is for negligent misrepresentation, based on the submission of false payroll reports.

**3.** Section 1452 states in its pertinent part that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).