In re MIDGARD CORPORATION, Debtor.

David PERSONETTE, Plaintiff–Appellant,

Midgard Corporation, Plaintiff–Counter–Defendant–Appellant,

v.

Curtis KENNEDY and Claudnell Kennedy, Defendants–Counter–Claimants–Appellees.

BAP No. WO–96–21.
Bankruptcy No. 93–12740–BH.
Adv. No. 96–1218–BH.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 4, 1997.

Wilburn C. Hall, Jr., Norman, OK, for Plaintiffs–Appellants.

David Pomeroy of Fuller, Tubb & Pomeroy, Oklahoma City, OK, for Defendants–Appellees.

Before McFEELEY, Chief Judge, and PUSATERI and CLARK, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

The debtor, Midgard Corporation ("Debtor"), and David Personette, an insider of the Debtor ("Personette"), appeal the order of the United States Bankruptcy Court for the Western District of Oklahoma denying their motion for remand and their motion for reconsideration. We reverse and remand this proceeding to the Bankruptcy Court with instructions to remand it to state court.[1]

## I. *Background*

On May 13, 1993, the Debtor filed a petition in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code. In May 1994, the Bankruptcy Court entered an order confirming the Debtor's chapter 11 plan of reorganization.

On May 20, 1996, approximately two years after the Debtor's plan was confirmed, the Debtor and Personette filed a petition in the District Court of Cleveland County, State of Oklahoma ("State Court") asserting various tort claims against Curtis and Claudnell Kennedy, the owners of real property located adjacent to the Debtor's place of business ("Kennedys"). The Kennedys removed the State Court action to the Bankruptcy Court where the Debtor's bankruptcy case was still pending, and filed an answer to the petition and counterclaim in the Bankruptcy Court.

The Debtor and Personette specially appeared in the Bankruptcy Court to contest the Court's jurisdiction over the State Court action and to request that it remand the action to State Court (the "Remand Motion"). In their Remand Motion, the Debtor and Personette stated that they did "not consent to entry of final orders or judgment by the bankruptcy judge...." Plaintiffs' Removal Statement and Motion for Remand and Brief in Support ¶ 5. The Debtor and Personette also argued that the Bankruptcy Court was required to abstain from hearing the State Court action. *Id.* ¶ 10.

After a hearing, the Bankruptcy Court took the matter under advisement and thereafter entered an order denying the Remand Motion concluding, in relevant part, that: (1) it had jurisdiction over the State Court action under the terms of the Debtor's confirmed plan and 28 U.S.C. §§ 157(b) and 1334(b); (2) it had jurisdiction over Personette; (3) removal of the action from the State Court was proper under 28 U.S.C. § 1452(a); and (4) mandatory abstention under 28 U.S.C. § 1334(c)(2) was not required as a matter of law. The Debtor and Personette timely filed a motion requesting the Bankruptcy Court to reconsider its order denying their Remand Motion. That motion was denied by the Bankruptcy Court, and this appeal followed.

## II. *Appellate Jurisdiction*

Although the parties have not raised any issues regarding appellate jurisdiction, two questions merit discussion: (1) whether we should decline review of the Bankruptcy Court's orders denying abstention and remand of the State Court action under 28 U.S.C. §§ 1334(c)(2) & 1452(b); and (2) whether the Bankruptcy Court's orders are "final orders" as required under 28 U.S.C. § 158(a)(1) or appealable interlocutory orders under 28 U.S.C. § 158(a)(3). *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (federal appellate court

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal and, therefore, grants the request of the parties for a decision on the briefs without oral argument. *See* Fed. R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). Accordingly, the case has been submitted without oral argument.

must satisfy itself that it has jurisdiction over appeal even if the parties concede it); *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1045 n. 8 (10th Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995) (same). We conclude that appellate jurisdiction is proper.

### A. Sections 1334(c)(2) And 1452(b) Do Not Bar Appellate Review

■ Sections 1334(c)(2)[2] and 1452(b) of title 28 of the United States Code limit appellate review of abstention and remand orders. Section 1334(c), governing abstention in bankruptcy cases, provides, in relevant part, that:

(2) .... Any decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1334(c)(2). Section 1452(b), governing remand of claims and causes of action in bankruptcy cases, states, in relevant part, that:

An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b).

The Bankruptcy Court's orders are decisions not to abstain from or remand the State Court action which would, at first glance, appear to be barred from appellate review under sections 1334(c)(2) and 1452(b). However, this Court is not the court of appeals referred to in sections 1334(c)(2) and 1452(b). The appellate jurisdiction of this Court arises under 28 U.S.C. § 158(a)–(c).

Since the Court's jurisdiction does not arise under 28 U.S.C. §§ 158(d), 1291 or 1292, our jurisdiction is not limited by sections 1334(c)(2) or 1452(b). *See* 136 Cong.Rec.S 17,580 (daily ed. Oct. 27, 1990) (remarks of Sen. Grassley) (remand and abstention orders are subject to review by the district court, but not circuit courts of appeals).

### B. The Bankruptcy Court's Orders Are "Final Orders" Or Are Appealable Interlocutory Orders

■ This Court has "jurisdiction to hear appeals from ... final judgments, orders, and decrees[.]" 28 U.S.C. § 158(a)(1); *see* 28 U.S.C. § 158(c). "[A] decision is ordinarily considered final and appealable under § 1291 [and § 158(a) ] only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.,* —— U.S. ——, ——, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Orders may also be considered "final" if they meet the requirements of the collateral order doctrine. *See, e.g., Quackenbush,* —— U.S. at ——, 116 S.Ct. at 1718; *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Quackenbush,* the Supreme Court held that an order requiring abstention and remand was a final order under the collateral order doctrine because it (1) conclusively determined a disputed question that was completely separate from the merits of the action, (2) was effectively unreviewable on appeal from a final judgment, and (3) was too important to be denied review. —— U.S. at —— –– ——, 116 S.Ct. at 1719–20 (relying on *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454,

---

**2.** The Bankruptcy Reform Act of 1994 redesignated the second and third sentences of section 1334(c)(2), which are related to appellate jurisdiction and the application of the automatic stay, as subsection (d), and added a sentence providing that mandatory abstention decisions are not barred from appellate review. These amendments do not apply in this appeal because the Debtor's bankruptcy case was commenced prior to October 22, 1994. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 702(a), 108 Stat. 4106, 4150 (1994). Accordingly, all references made herein to section 1334(c)(2) are to former section 1334(c)(2).

2457–58, 57 L.Ed.2d 351 (1978); *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225)).[3]

The Bankruptcy Court's orders in the present case are final orders under the collateral order doctrine. They conclusively determine the disputed questions of the Bankruptcy Court's jurisdiction, resolve an important issue completely separate from the merits of the action, and would be effectively unreviewable on appeal from a final judgment on the merits.

In *Quackenbush,* the lower court abstained from hearing an action and remanded it to state court, while in this case the Bankruptcy Court has *refused* to abstain from hearing the Debtor and Personette's action or to remand it to State Court. *Quackenbush,* however, does not preclude application of the collateral order doctrine to orders refusing to abstain and remand.[4]

Even if the Bankruptcy Court's orders are not "final" under the collateral order doctrine, we grant leave to appeal under 28 U.S.C. § 158(a)(3).[5] Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); Fed. R.Bankr.P. 8018(b); *American Freight Sys., Inc. v. Transport Ins. Co. (In re American Freight Sys., Inc.),* 194 B.R. 659, 661 (D.Kan.

3. For the most part, the Tenth Circuit has reviewed remand orders only upon a writ of mandamus. *See, e.g., Westinghouse Credit Corp. v. Thompson,* 987 F.2d 682, 684 (10th Cir.1993); *Albertson's, Inc. v. Carrigan,* 982 F.2d 1478, 1480 (10th Cir.1993); *but see Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342 (10th Cir.1992) (remand order is final order under collateral order doctrine); *see also Hanna v. Naegele,* 1995 WL 723597 (10th Cir.1995) (recognizing that there is a split in the circuits as to whether review of remand order is by appeal or mandamus, court reviewed case because it could be reviewed under either vehicle). These decisions are based on *Thermtron Prods., Inc. v. Hermansdorfer,* in which the Supreme Court stated that "an order remanding a removed action does not represent a final judgment reviewable by appeal, '[t]he remedy in such a case is by mandamus to compel action and not by writ of error to review what has been done.'" 423 U.S. 336, 352–53, 96 S.Ct. 584, 593–94, 46 L.Ed.2d 542 (1976) (alteration in original). In *Quackenbush,* however, the Court disavowed its statement in *Thermtron,* stating:

> *Thermtron's* determination that remand orders are not reviewable "final judgments" doubtless was necessary to the resolution of that case, but our principal concern in *Thermtron* was the interpretation of the bar to appellate review embodied in 28 U.S.C. § 1447(d) and our statement concerning the appropriate vehicle for reviewing a district court's remand order was peripheral to that concern. Moreover, the parties in *Thermtron* did not brief the question, our opinion does not refer to *Catlin* or its definition of "final decisions," and our opinion nowhere addresses whether any class of remand order might be appealable under the collateral order doctrine. Indeed, the only support *Thermtron* cites for the proposition that remand orders are reviewable only by

mandamus, not by appeal, is *Chicago & Alton Railroad Co. v. Wiswall,* 23 Wall. 507, 23 L.Ed. 103 (1875), the superannuated reasoning of which is of little vitality today.

—— U.S. at ——, 116 S.Ct. at 1720 (citations omitted); *see Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 355–56, 108 S.Ct. 614, 621–22, 98 L.Ed.2d 720 (1988) (in this earlier case, the Court limited the effect of *Thermtron* ). Accordingly, we review the Bankruptcy Court's orders as final orders under the collateral order doctrine as established in *Quackenbush.*

4. In *Quackenbush,* the Court based its decision that abstention-based remand orders are appealable "final orders" on two grounds: (1) the collateral order doctrine; and (2) its decision in *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.,* 460 U.S. 1, 11, 103 S.Ct. 927, 934–35, 74 L.Ed.2d 765 (1983), that an abstention-based remand order is a "final decision" under section 1291 because "it put the litigants " 'effectively out of court,' " and because its effect was " 'precisely to surrender jurisdiction of a federal suit to a state court.' " —— U.S. at —— ——, 116 S.Ct. at 1719–20 (citations omitted). In *Moses H. Cone,* the Court found that the order in question was, in addition to the "effectively out of court test," appealable under the collateral order doctrine. 460 U.S. at 11, 103 S.Ct. at 934–35. Since the Bankruptcy Court's orders are "final orders" under the collateral order doctrine, we need not address the *Moses H. Cone* "effectively out of court" test, which does not seem to apply to orders refusing to remand a case to state court.

5. The Debtor and Personette did not file a motion for leave to appeal an interlocutory order. Accordingly, we will treat the notice of appeal as motion for leave to appeal. Fed.R.Bankr.P. 8003(c).

1996); *Intercontinental Enter., Inc. v. Keller (In re Blinder Robinson & Co.)*, 132 B.R. 759, 764 (D.Colo.1991). The Bankruptcy Court's orders involve a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. *See* 9 James W. Moore, *Moore's Federal Practice* ¶ 110.22[2], at 271–72 (2d ed. 1996) ("An order refusing to remand an action to the state court presents a controlling question [of law] and it may be certified" for interlocutory appeal). Accordingly, we have jurisdiction to hear this appeal.

### III. *Standard Of Review*

"For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988); *see* Fed.R.Bankr.P. 8013; *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1370 (10th Cir.1996).

■■■ We must decide whether the Bankruptcy Court had jurisdiction over the State Court action and, if so, whether it was correct in refusing to abstain from hearing the action under 28 U.S.C. § 1334(c)(2). Questions involving the jurisdiction of the Bankruptcy Court are subject to *de novo* review. *See, e.g., Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.)*, 40 F.3d 1084, 1085 (10th Cir.1994); *see also FDIC v. Hulsey*, 22 F.3d 1472, 1479 (10th Cir.1994) (jurisdiction is a question of law). Review of the Bankruptcy Court's decision refusing to abstain from hearing the State Court action involves mixed questions of law and fact, but is primarily based on interpretation of section 1334(c)(2). As such, the Bankruptcy Court's decision related to abstention is also subject to *de novo* review. *See Armstrong v. Commissioner*, 15 F.3d 970, 973 (10th Cir.1994) ("We review mixed questions under the

clearly erroneous or de novo standard, depending on whether the mixed question involves primarily a factual inquiry or the consideration of legal principles.")

■■■ Applying these standards, we conclude that the State Court action is, at most, a non-core proceeding which is merely "related to" the Debtor's bankruptcy case, but may be a proceeding which is not even "related to" the bankruptcy case and, therefore, is not subject to Bankruptcy Court jurisdiction. *See* 28 U.S.C. §§ 157(a) & 1334(b). Either decision leads to the same result: the Bankruptcy Court must remand the action to State Court. If the State Court action is "related to" the Debtor's bankruptcy case, the Bankruptcy Court, for the reasons discussed below, erred in refusing to abstain from hearing it under 28 U.S.C. § 1334(c)(2). On the other hand, if the Bankruptcy Court lacked jurisdiction over the State Court action, removal of the action to the Bankruptcy Court was improper under 28 U.S.C. § 1452(a) thus requiring remand under 28 U.S.C. §§ 1447(c) & 1452(b); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.1994) (section 1447(c), which requires remand if a district court lacks jurisdiction over a removed case, applies to bankruptcy cases). Accordingly, we reverse the Bankruptcy Court and instruct it to remand the action to State Court.

### IV. *Discussion*

#### A. *Jurisdiction Of The Bankruptcy Court*

Section 1334(b) of title 28 of the United States Code states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[6] District courts "may provide that ... any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The United States District Court for the Western Dis-

---

**6.** The district courts also have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). This section refers to bank-

ruptcy cases, and not adversary proceedings within the bankruptcy case, such as the State Court action.

trict of Oklahoma has referred all such matters to the Bankruptcy Court. W.D.Okla. LR84.1 (general referral) & LR81.3 (referral of removed causes of action).

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred to under subsection (a) of [section 157], and may enter appropriate orders and judgments...." 28 U.S.C. § 157(b)(1). The term "core proceeding," which, under section 157(b)(1), includes matters arising under and arising in bankruptcy cases, is defined in 28 U.S.C. § 157(b)(2). Bankruptcy judges are charged with determining whether a proceeding is a core proceeding or "is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3).

A bankruptcy judge may also hear a proceeding that is not a core proceeding but that is otherwise "related to" a case under title 11. In such a proceeding, however, the bankruptcy judge is required to "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be determined by the district judge...." 28 U.S.C. § 157(c)(1). However, parties may consent to a bankruptcy judge entering judgment in a non-core, "related to" case. *Id.* at § 157(c)(2). If a proceeding does not "arise under" the Bankruptcy Code or does not "arise in" or is not "related to" a bankruptcy case, however, a bankruptcy court cannot exercise jurisdiction. *Celotex Corp. v. Edwards,* —— U.S. ——, ——, 115 S.Ct. 1493, 1498, 131 L.Ed.2d 403 (1995).

A proceeding "arises under" the Bankruptcy Code if it asserts a cause of action created by the Code, such as exemption claims under 11 U.S.C. § 522, avoidance actions under 11 U.S.C. §§ 544, 547, 548, or 549, or claims of discrimination under 11 U.S.C. § 525. H.R.Rep. No. 595, 95th Cong., 1st Sess. 445 (1977) U.S.Code Cong. & Admin.News pp. 5963, 6400; *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.),* 86 F.3d 364, 371 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996); *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.),* 935 F.2d 1071, 1076 (9th Cir.1991); *Barnett v.*

*Stern,* 909 F.2d 973, 981 (7th Cir.1990); *Gower v. Farmers Home Admin. (In re Davis),* 899 F.2d 1136, 1140–41 (11th Cir.), *cert. denied,* 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990); *Wood v. Wood (In re Wood),* 825 F.2d 90, 96 (5th Cir.1987). Proceedings "arising in" in a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code. *A.H. Robins,* 86 F.3d at 371; *Eastport,* 935 F.2d at 1076; *Wood,* 825 F.2d at 97. For example, orders respecting the obtaining of credit, confirmation of a plan, the assumption or rejection of a contract are all matters which could not exist absent the filing of a bankruptcy case, but are not causes of action created by the Bankruptcy Code. *Wood,* 825 F.2d at 97; *see* 1 Lawrence P. King, *Collier on Bankruptcy* ¶ 3.01(c)[v] (15th ed. 1996) [hereinafter referred to as *"Collier"*]. This interpretation is supported by the fact that, as discussed above, "core proceedings" in bankruptcy include proceedings that "arise under" the Bankruptcy Code and "arise in" bankruptcy cases, but do not include proceedings that are "related to" a bankruptcy case. 28 U.S.C. § 157(b)–(c)(1).

A proceeding is "related to" a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the " 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.' " *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir.1990) (per curiam) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984)); *see Celotex,* —— U.S. at —— – —— & n. 5, 115 S.Ct. at 1498–99 & n. 5 (recognizing this test). Related proceedings "include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex,* —— U.S. at —— n. 5, 115 S.Ct. at 1499 n. 5.

The Bankruptcy Court held that it had jurisdiction over the State Court action as a proceeding "arising in" and "related to" the

Debtor's bankruptcy case.[7] It concluded that the facts giving rise to the State Court action pre-dated the Debtor's bankruptcy case, and provisions in the Debtor's confirmed plan related to the lease of its business premises required it to address the concerns of the Kennedys that ultimately became the grounds for their counterclaim against the Debtor and Personette. The Bankruptcy Court also found that the outcome of the State Court action could affect distribution to creditors under the Debtor's confirmed plan. In addition to finding that it had jurisdiction over the State Court action under section 1334(b), the Bankruptcy Court also held that it had jurisdiction over the action under the terms of the Debtor's confirmed plan.

The record before us does not contain sufficient facts to allow us to determine whether jurisdiction exists under the Bankruptcy Code. But, based on the same record, we are certain that if the Bankruptcy Court has jurisdiction over the State Court action it is because the action is "related to" the Debtor's bankruptcy case, and not because it is a proceeding "arising in" the case as decided by the Bankruptcy Court.[8] The action, which is based entirely on state tort

law, is in no way dependent on the Debtor's bankruptcy case for its existence and, therefore, is not a proceeding "arising in" the case.[9] Rather, the State Court action is a proceeding that could be and was commenced independently of the Debtor's bankruptcy case and may conceivably have an effect on the administration of the bankruptcy estate. Thus, as a matter of law the State Court action is at most a proceeding "related to" the Debtor's bankruptcy case.[10] The fact that Personette is a party to the State Court action would not, as argued by the Debtor and Personette, change this result. Proceedings that are "related to" a bankruptcy case need not be against the debtor or debtor's property if the outcome may have some effect on the estate. *Gardner*, 913 F.2d at 1518; *Pacor, Inc. v. Higgins*, 743 F.2d at 994; *see Celotex*, —— U.S. at ——–—— & n. 5, 115 S.Ct. at 1498–99 & n. 5.

Regardless of whether the State Court action is a "related to" proceeding or a proceeding over which the Bankruptcy Court has no jurisdiction, however, the Bankruptcy Court erred in refusing to remand it to State Court. If it lacked jurisdiction, the Bankruptcy Court was required as a matter of law

---

7. The parties agreed that the State Court action was a non-core matter. Although not addressed in its order, the Bankruptcy Court must have rejected this stipulation because it found that "[t]here can be little doubt but that this dispute arose in the bankruptcy case...." Bankruptcy Court Order at 5. That the Bankruptcy Court found the matter to be a "core proceeding" is also evidenced by the fact that it entered an order and did not propose findings of fact and conclusions of law to the District Court as required by 28 U.S.C. § 157(c).

8. If the State Court action is "related to the Debtor's bankruptcy case, the Bankruptcy Court also had jurisdiction over it under the "Retention of Jurisdiction" provisions of the Debtor's confirmed plan. The Debtor and Personette argue that these provisions are moot and do not justify retention. Appellants' Opening Brief at p. 8. We reject this argument finding that all provisions of the confirmed plan are binding on the parties to this appeal as a matter of law. 11 U.S.C. § 1141(a). We also find that the Bankruptcy Court was correct in holding that the terms of the plan are broad enough to allow it to retain jurisdiction over the matter, provided that it had jurisdiction under section 1334(b) and was not required to abstain under section 1334(c)(2).

9. Moreover, the State Court action does not in any way assert a cause of action established under the Bankruptcy Code and, therefore, does not "arise under" the Bankruptcy Code.

10. While the Debtor's potential liability to the Kennedys under the state law counterclaim may raise issues of, among other things, the allowance or disallowance of any claim the Kennedys may have against the Debtor and the discharge of any such claim, both of which are issues involving "arising under" and "arising in" jurisdiction, the issue of whether the Debtor is liable to the Kennedys *at all* is at most a "related to" matter. *See* 28 U.S.C. § 157(b)(2)(A)–(B) (core proceedings include matters concerning the administration of the estate (such as the extent of discharge) and the allowance or disallowance of claims against the estate); *Collier* at ¶ 3.01(c)[iv] (discussing distinction between "related to" proceedings and core matters). The Kennedys's counterclaim against the Debtor does not transform this "related to" matter into an "arising in" matter. *See Marshall v. Michigan Dep't of Agric. (In re Marshall)*, 118 B.R. 954, 960–61 (W.D.Mich.1990) (quoting *In re Century Brass Prods., Inc.*, 58 B.R. 838, 846 (Bankr.D.Conn. 1986)).

to remand the State Court action because removal under 28 U.S.C. § 1452(a) is contingent on jurisdiction under 28 U.S.C. § 1334. 28 U.S.C. §§ 1447(c) & 1452; *Daleske,* 17 F.3d at 324 (section 1447(c) requires remand of removed actions where bankruptcy court juridiction is lacking). If, on the other hand, the Bankruptcy Court had jurisdiction over the State Court action as a proceeding "related to" the Debtor's bankruptcy case, it also should have remanded the action to State Court because, as discussed in greater detail below, the Bankruptcy Court was required to abstain from hearing the action under 28 U.S.C. § 1334(c)(2). *See S.G. Phillips Constructors., Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.),* 45 F.3d 702, 708 (2d Cir.1995) ("[A]bstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance.").[11]

### B. *Mandatory Abstention*

 Section 1334(c)(2) of title 28 of the United States Code states, in relevant part, that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

28 U.S.C. § 1334(c)(2).

There is substantial disagreement as to whether section 1334(c)(2) applies to removed

proceedings, such as the State Court action. *See e.g., Sintz, Campbell, Duke & Taylor v. United States,* 197 B.R. 351 (S.D.Ala.1996); *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 493 n. 25 (E.D.La.1990); *First Fed. Sav. & Loan Assoc. v. Drake (In re Ramada Inn—Paragould Gen. Partnership),* 137 B.R. 31, 33 n. 3 (Bankr.E.D.Ark.1992); *Malone v. Hughes (In re Hughes),* 98 B.R. 115 (Bankr. D.D.C.1988) (recognizing issue). This debate was not addressed by the Bankruptcy Court and has not been discussed by parties in this appeal. We nevertheless will deal with the issue since it has a direct impact on the outcome of this appeal.

Some courts hold that abstention can never apply to a removed proceeding because: (1) abstention requires two actions (one in state court and one in federal court) or the potential for two actions; and (2) abstaining from hearing a removed case does not send the case back to state court, but rather results in a stay or dismissal of the case. *Fedders North Am., Inc. v. Branded Products, Inc. (In re Branded Products, Inc.),* 154 B.R. 936 (Bankr.W.D.Tex.1993); *Paul v. Chemical Bank (In re 666 Assocs.),* 57 B.R. 8 (Bankr. S.D.N.Y.1985); *see O'Rourke v. Cairns,* 129 B.R. 87, 89 (E.D.La.1991); *Manges v. Atlas (In re Duval County Ranch Co.),* 167 B.R. 848, 849 (Bankr.S.D.Tex.1994); *Southern Marine & Indus. Servs., Inc. v. AK Engineering, Inc. (In re AK Servs., Inc.),* 159 B.R. 76, 83–4 (Bankr.D.Mass.1993); *Paxton Nat'l Ins. Co. v. British Am. Assoc. (In re Pacor, Inc.),* 72 B.R. 927, 931 (Bankr. E.D.Pa.), *aff'd,* 86 B.R. 808 (E.D.Pa.1987), *appeal dismissed,* 1988 WL 235479 (3rd Cir. 1988); *Bleichner Bonta Martinez & Brown, Inc. v. Nat'l Bank (In re Micro Mart, Inc.),* 72 B.R. 63, 64–5 (Bankr.N.D.Ga.1987); *General Am. Corp. v. Merrill Lynch Commodities, Inc. (In re Ross),* 64 B.R. 829, 834

---

**11.** If the Bankruptcy Court had jurisdiction over the State Court action as a proceeding "arising under" the Bankruptcy Code or "arising in" the Debtor's bankruptcy case, section 1334(c)(2) would not apply as a matter of law. *See* 28 U.S.C. § 1334(c)(2) (requiring proceeding to be one "related to" the bankruptcy case). In such instance we would have been required to review whether the Bankruptcy Court abused its discretion in refusing to remand the action under the traditional common law tests applied under 28

U.S.C. § 1452(b), or in refusing to abstain from hearing the action under 28 U.S.C. § 1334(c)(1), the discretionary abstention provision. Since we find that State Court action is at most "related to" the Debtor's bankruptcy case and that the Bankruptcy Court erred in refusing to abstain from hearing the State Court action under section 1334(c)(2), we will not address whether the Bankruptcy Court abused its discretion under sections 1334(c)(1) or 1452(b) as argued by the Debtor and Personette.

(Bankr.S.D.N.Y.1986); *see also Princess Louise Corp. v. Pac. Lighting Leasing Co. (In re Princess Louise Corp), 77* B.R. 766, 771 (Bankr.C.D.Cal.1987); *Ridgefield, Inc. v. Unity Foods, Inc. (In re Unity Foods, Inc.),* 35 B.R. 876, 880 (Bankr.N.D.Ga.1983).

The majority of courts, however, hold that abstention is applicable to removed cases. These courts find that two proceedings are not necessary for abstention to apply and abstention, or abstention coupled with remand, transfers a removed proceeding to state court. *See, e.g., Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 584 n. 3 (6th Cir.1990); *Balcor/Morristown Ltd. Partnership v. Vector Whippany Assocs.,* 181 B.R. 781, 788 n. 2 (D.N.J.1995); *Williams v. Shell Oil Co.,* 169 B.R. 684, 690–91 (S.D.Cal.1994); *Baldwin Park Inn Assocs. v. City of Baldwin Park (In re Baldwin Park Inn Assocs.),* 144 B.R. 475, 481 (C.D.Cal.1992); *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 867 (N.D.Ill.1991); *Marshall v. Michigan Dep't of Agric. (In re Marshall),* 118 B.R. 954, 964–65 (W.D.Mich. 1990); *Murray v. On–Line Bus. Sys., Inc. (In re Revco D.S., Inc.),* 99 B.R. 768, 773–74 (N.D.Ohio 1989); *Chiodo v. NBC Bank–Brooks Field (In re Chiodo),* 88 B.R. 780, 784–85 (W.D.Tex.1988); *St. Vincent's Hosp. v. Norrell (In re Norrell),* 198 B.R. 987, 996–99 (Bankr.N.D.Ala.1996); *Roddam v. Metro Loans, Inc. (In re Roddam),* 193 B.R. 971, 978 (Bankr.N.D.Ala.1996); *Anderson v. Hoechst Celanese Corp. (In re U.S. Brass Corp.),* 173 B.R. 1000, 1004 (Bankr.E.D.Tex. 1994); *Dunkirk Ltd. Partnership v. TJX Cos.,* 139 B.R. 643, 645 (Bankr.N.D.Ohio 1992); *see also Walker v. Commercial Credit Corp.,* 192 B.R. 260 (M.D.Ala.1996) (applying abstention to removed case without discussing controversy); *Luevano v. Dow Corning Corp.,* 183 B.R. 751 (W.D.Tex.1995) (same); *Abadie v. Poppin,* 154 B.R. 86 (N.D.Cal.1993) (same); *Su–Ra Enter., Inc. v. Barnett Bank,* 142 B.R. 502 (S.D.Fla.1992) (same); *Wilkins v. Bolar Pharmaceutical Co. (In re Pharmakinetics Lab., Inc.),* 139 B.R. 350 (D.Md.

1992) (same); *Chambers v. Marathon Home Loans (In re Marathon Home Loans),* 96 B.R. 296, 301 (E.D.Cal.1989) (same); *Gonzales Constr. Co. v. Fulfer (In re Fulfer),* 159 B.R. 921 (Bankr.D.Idaho 1993) (same); *Wood v. Jasperson (In re Jasperson),* 116 B.R. 740, 746 (Bankr.S.D.Cal.1990) (same).

We conclude that the majority position that abstention applies to removed cases is correct for several reasons. In *Branded Products,* 154 B.R. at 940, the leading case finding that abstention does not apply to removed cases, the court based its analysis almost exclusively on 17A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure, Jurisdiction 2d* § 4245 (2d ed. 1988) [hereinafter referred to as *Wright & Miller* ]. The court's reliance on the discussion in *Wright & Miller* of federal common law abstention principles, however, is misplaced. Unlike general federal court practice where abstention is founded exclusively on common law, courts presiding over bankruptcy cases are required to apply the abstention standards set forth in section 1334(c). *See Cathedral of the Incarnation v. Garden City Co. (In re Cathedral of the Incarnation),* 99 F.3d 66, 68–69 (2d Cir.1996) ("A judicially created rule of abstention must yield to a statutory duty to rule under Congress's grant of jurisdiction.").

Section 1334(c)(2) does not require the existence of two proceedings. Rather, this section states that abstention is mandatory when an action is "commenced" in a state forum of appropriate jurisdiction.

In addition, while section 1334(c) does not state the procedural implications of abstaining from hearing a case, it does not prohibit a federal court from remanding a case to a state court if it finds it necessary to abstain under section 1334(c)(2). Indeed, there is nothing in section 1334(c)(2) that either supports or rejects the conclusion in *Branded Products* that the appropriate procedure is dismissal or stay of the federal action.[12]

---

**12.** The court in *Branded Products* assumes that procedures employed in conjunction with federal common law abstention (*i.e.,* stay or dismissal) are the only procedures applicable under section 1334(c)(2). 154 B.R. at 940 & n. 5. While such

procedures may guide a court required to abstain under section 1334(c)(2), it is not bound by federal common law abstention principles.

Furthermore, the conclusion in *Branded Products* that abstention always results in dismissal or

That silence in section 1334(c)(2) as to the procedural ramifications of abstention can be read to allow remand is supported by *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In this case, the Court addressed the question of whether a federal district court had discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action had been eliminated and only the pendent state-law claims remained. Concluding that the district court correctly remanded the action to state court, the Court stated:

> Petitioners argue that the federal removal statute prohibits a district court from remanding properly removed cases involving pendent claims. This argument is based not on the language of Congress, but on its silence. Petitioners note that the removal statute explicitly authorizes remands in two situations. By failing similarly to provide for remands of removed cases involving pendent claims, petitioners assert, Congress intended to preclude district courts from remanding such cases.
>
> We cannot accept petitioners' reasoning. We do not dispute that Congress could set a limitation of this kind on the federal courts' administration of the doctrine of pendent jurisdiction. But Congress has not done so, expressly or otherwise, in the removal statute. The principal flaw in pe-

titioner's argument is that it fails to recognize that the removal statute [28 U.S.C. § 1441(a) ] does not address specifically any aspect of a district court's power to dispose of pendent state-law claims after removal: just as the statute makes no reference to a district court's power to remand pendent claims, so too the statute makes no reference to a district court's power to dismiss them. Yet petitioners concede, as they must, that a federal court has discretion to dismiss a removed case involving pendent claims. Given that Congress' silence in the removal statute does not negate the power to dismiss such cases, that silence cannot sensibly be read to negate the power to remand them.

*Id.* at 353–54, 108 S.Ct. at 621.

Thus, for the reasons set forth above, we reject the minority line of cases and find that abstention may apply to proceedings removed to a bankruptcy court. If abstention is required under section 1334(c)(2), a court may remand the proceeding to state court under 28 U.S.C. § 1452(b), which allows a court to remand a "claim or cause of action on any equitable ground[;]" *Revco*, 99 B.R. at 776 (finding that section 1452(b) allows remand if mandatory abstention is required); *Chiodo*, 88 B.R. at 785 (same); *see Fulfer*, 159 B.R. at 923 (remanding proceeding under section 1452(b) where abstention required under section 1334(c)(2));[13] or under its gen-

---

stay of the federal court action is incorrect. The Supreme Court has held that in cases where the relief sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in appropriate circumstances, decline to exercise jurisdiction altogether by *either* dismissing the suit or remanding it to state court. *Quackenbush*, —— U.S. at —— ——, 116 S.Ct. at 1720–28. Thus, contrary to the conclusion in *Branded Products*, under federal abstention doctrines, remand of an action which a federal court has abstained from hearing is appropriate in some situations. *See Wright & Miller*, § 4242 n. 2 (The American Law Institute's proposed codification of the various federal common law abstention doctrines allows a court to "stay an action, otherwise properly *commenced in or removed to* a district court....") (emphasis added).

**13.** The equitable test under section 1452(b) would seem to subsume technical grounds for remand such as improper removal (whether due to lack of jurisdiction or otherwise) and manda-

tory abstention, and discretionary grounds for remand such as: forum non conveniens; judicial economy; prompt, final resolution of disputes; comity; the expertise of a particular court; prejudice to involuntarily removed parties; and a lessened possibility of an inconsistent result. *Marathon Home Loans*, 96 B.R. at 300; *see Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984) (citing grounds for remand). However, in *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994), the Tenth Circuit, in holding that attorney's fees and costs may be assessed under 28 U.S.C. § 1447(c) against a party who had improperly removed the action from state court to bankruptcy court, stated:

> [T]he remand provision in section 1452(b) is limited to discretionary remands based on equitable grounds. If this were the only statute to apply, there would be no requirement that cases removed under § 1452(a) be remanded on the purely legal ground that the district

eral discretionary powers. 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title...."); *see Carnegie–Mellon,* 484 U.S. at 353–55 & n. 11, 108 S.Ct. at 621 & n. 11 (although expressly limited to pendent jurisdiction claims, the Court held that federal courts have "wide discretion" to remand in the absence of statute allowing remand).

Having concluded that abstention applies to removed actions, we must consider whether all of the requirements for mandatory abstention as set forth in section 1334(c)(2) have been met in this case. Each element is discussed below.

### (i) *Timely Motion Requirement*

Section 1332(c)(2) requires abstention only "upon timely motion of a party...." 28 U.S.C. § 1334(c)(2). Thus, the right to require a bankruptcy court to abstain can be waived by a party who delays in making a motion for abstention. *See S.G. Phillips Constructors, Inc.,* 45 F.3d at 708 (mandatory abstention is not jurisdictional); *Robinson,* 918 F.2d at 584 ("Mandatory abstention ... is not jurisdictional and must be raised in a timely motion."); *Federation of Puerto Rican Organizations v. Howe,* 157 B.R. 206, 211 (E.D.N.Y.1993) (absent timely motion to abstain, case is properly before federal court); *Novak v. Lorenz (In re Novak),* 116 B.R. 626, 628 (N.D.Ill.1990) (motion for abstention filed one year after answer not timely and thus abstention did not apply).

Section 1334(c)(2) does not define what constitutes a "timely motion" for abstention. Federal Rule of Bankruptcy Procedure 5011, which sets forth procedures related to abstention, also does not state a time period in which motions seeking mandatory abstention

must be filed. This Rule merely states that "[a] motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be governed by Rule 9014 and shall be served on the parties to the proceeding." Fed.R.Bankr.P. 5011(b). Similarly, the local rules of the United States District Court for the Western District of Oklahoma do not provide a time period for filing abstention motions, but merely state that "[m]otions to abstain from hearing a particular proceeding pursuant to 28 U.S.C. § 1334(c) shall be first presented to and heard by the bankruptcy judge and shall be governed by Rules 5011 and 9014, Fed. R.Bankr.P." W.D.Okla. LR84.1(b)(1). Given this lack of direction in the statute and applicable rules, it has been held that "a party acts in a timely fashion when he or she moves as soon as possible after he or she should have learned the grounds for such a motion." *Novak,* 116 B.R. at 628 (citing cases).[14]

Contrary to the Bankruptcy Court's suggestion that the Debtor and Personette did not make a timely motion under section 1334(c)(2), we find that the record clearly shows that a timely motion was made. The Kennedys filed their notice of removal on June 19, 1996. On June 27, 1996, the Debtor and Personette filed their Remand Motion. Although not stated in the caption, the Remand Motion expressly states that the Debtor and Personette were requesting the Bankruptcy Court to abstain from hearing the State Court action. Remand Motion ¶ 10 ("The foregoing factors make this a matter of mandatory abstention and compel remand to the state court.") Moreover, at the hearing on the Motion, counsel for the Debtor and Personette again asserted that the Bankruptcy Court was required to abstain from hearing the State Court action. Transcript at pp.

court lacks subject matter jurisdiction. Because § 1447(c) requires such a remand, the statutes cover different contingencies, and should both be given effect.

In cases involving mandatory abstention, such as the present case, remand would not be appropriate under 28 U.S.C. § 1447(c) because the Bankruptcy Court has jurisdiction over the State Court action. Accordingly, remand must be founded on some other basis, whether it be deemed to be an "equitable" ground under section 1452(b) or some other discretionary power

of the court to remand matters not appropriate for it to hear.

14. In the legislative history accompanying section 1334(c)(2) Senator Dole stated that motions to abstain "must be filed with the initial pleading of a party." 130 Cong.Rec. S 6,084 (daily ed. May 21, 1984). This requirement was not made a part of the statute and, therefore, this Court adopts the more flexible standard noted above. Nevertheless, the Remand Motion was timely made even under the initial pleading test.

4–7. On August 2, 1996, the Bankruptcy Court entered its order denying the Remand Motion. On August 8, 1996, the Debtor and Personette filed their motion for reconsideration, which does not cite section 1334(c)(2), but expressly requests mandatory abstention. This motion was denied by the Bankruptcy Court on August 12, 1996, and this timely appeal followed.

The Debtor and Personette, who filed their initial motion requesting abstention only eight days after the Kennedys removed the State Court action to the Bankruptcy Court, acted in a timely fashion. They moved for abstention as soon as possible after they learned the grounds for abstention. The Remand Motion, while not as articulate as would have been desired, clearly requested that the Bankruptcy Court abstain from hearing the State Court action. *See Marathon Home Loans,* 96 B.R. at 301 (motion for remand that does not even mention abstention is a timely filed motion because abstention is a limitation on removal that cannot be ignored). Accordingly, the Debtor and Personette made a "timely motion" under section 1334(c)(2).

### (ii) *State Law Claim Requirement*

Section 1334(c)(2) requires that the proceeding in question be "based upon a State law claim or State law cause of action." 28 U.S.C. § 1334(c)(2). The petition filed by the Debtor and Personette asserts claims for malicious prosecution, interference with business relations, and abuse of process. The Kennedys's counterclaim is for private nuisance. The proceeding is therefore clearly based solely upon state law claims or causes of action.

### (iii) *"Related To" Jurisdiction Requirement*

Section 1334(c)(2) requires that the proceeding be "related to a case under title 11 but not arising under title 11 or arising in a case under title 11." 28 U.S.C. § 1334(c)(2); *see S.G. Phillips Constructors., Inc.,* 45 F.3d

at 708 (section 1334(c)(2) only applies to "related to" proceedings). As discussed above, the State Court action is not a proceeding "arising under" the Bankruptcy Code or "arising in" the Debtor's bankruptcy case. Rather, assuming jurisdiction exists, the State Court action is a proceeding "related to" the Debtor's bankruptcy case.

### (iv) *No Independent Federal Jurisdiction Requirement*

Abstention is only allowed under section 1334(c)(2) if the proceeding "could not have been commenced in a court of the United States absent jurisdiction under [section 1334]...." 28 U.S.C. § 1334(c)(2). That federal jurisdiction does not exist absent the Debtor's bankruptcy case is not a point of contention between the parties, and no finding was made by the Bankruptcy Court on this prong of the mandatory abstention test. An independent review of the record reveals that the State Court action could not have been commenced in federal court absent jurisdiction under section 1334.

Jurisdiction of the federal district courts is governed by 28 U.S.C. § 1330 *et. seq.* The State Court action could not have been commenced in a court of the United States under any applicable provision other than section 1334, except possibly section 1332. Section 1332(a) states, in relevant part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different States...." 28 U.S.C. § 1332(a)(1). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." *Id.* at § 1332(c). It is uncontested that all of the parties are citizens of Oklahoma [15] and, therefore, diversity jurisdiction does not exist. Accordingly, the State Court action could not have been commenced in federal court absent jurisdiction under section 1334.

---

15. The record shows that the Debtor corporation does business in Oklahoma, and that Personette is an individual residing in Oklahoma. Petition filed in District Court of Cleveland County, State of Oklahoma dated May 20, 1996 ¶¶ 1–2; Answer and Counterclaim dated June 24, 1996 ¶¶ 1–2;

Certificate of Incorporation of Midgard Corporation. The record also shows that the Kennedys are individuals residing in Oklahoma. Petition filed in District Court of Cleveland County, State of Oklahoma dated May 20, 1996 ¶¶ 1–2; Answer and Counterclaim dated June 24, 1996 ¶¶ 1–2.

#### (v) *Action Must be Commenced in State Court*

Section 1334(c)(2) next requires that the proceeding in question must have been "commenced ... in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).[16] It is not contested that the State Court action was commenced in a State forum of appropriate jurisdiction and, therefore, this requirement has been met.

#### (vi) *Action Must be Capable of Timely Adjudication in State Court*

██ Abstention is required under section 1334(c)(2) if the State Court action "can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). The burden of proving timely adjudication is on the party seeking abstention. *See J.D. Marshall Int'l, Inc. v. Redstart, Inc.,* 74 B.R. 651, 654 (N.D.Ill.1987); *Arid Waterproofing, Inc. v. Pennsylvania Dep't of Gen. Servs. (In re Arid Waterproofing, Inc.),* 175 B.R. 172, 180 n. 8 (Bankr. E.D.Pa.1994); *Burgess v. Liberty Sav. Ass'n (In re Burgess),* 51 B.R. 300, 302 (Bankr. S.D.Ohio 1985); *but see Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155, 180 (Bankr. E.D.N.Y.1986) (burden on party requesting bankruptcy court to retain jurisdiction), *aff'd,* 1987 WL 47763 (E.D.N.Y.1987).

██ The phrase "timely adjudication" is not defined in the Bankruptcy Code. Courts interpreting this phrase have focused on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case. *See World Solar Corp. v. Steinbaum (In re World Solar Corp.),* 81 B.R. 603, 612 (Bankr. S.D.Ca.1988); *J.D. Marshall, Int'l,* 74 B.R. at 655; *Allard v. Benjamin (In re DeLorean Motor Co.),* 49 B.R. 900, 911 (Bankr. E.D.Mich.1985); *Frazier v. Lawyers Title Ins. Corp. (In re Butcher),* 46 B.R. 109, 113 (Bankr.N.D.Ga.1985). This focus is in accord with the fact that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Pacor, Inc. v. Higgins,* 743 F.2d at 994, *quoted in Celotex,* —— U.S. at ——, 115 S.Ct. at 1499; *see* H.R. No. 595, 95th Cong., 1st Sess. 43–48 (1978).

██ In considering whether allowing a case to proceed in state court will adversely affect the administration of a bankruptcy case, courts have considered some or all of the following factors: (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case;[17] (6) whether a jury demand has been made;[18]

---

**16.** Some courts have indicated that the proceeding must be "commenced and pending" in state court. *See, e.g., Flores Rivera v. Telemundo Group,* 133 B.R. 674, 676 (D.P.R.1991); *Kolinsky v. Russ (In re Kolinsky),* 100 B.R. 695, 704 (Bankr.S.D.N.Y.1989) (citing cases); *Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155, 177 (Bankr.E.D.N.Y.1986) (citing *Allied Mechanical & Plumbing Corp. v. Dynamic Hostels Hous. Dev. Fund Co. (In re Allied Mechanical & Plumbing Corp.),* 62 B.R. 873, 877–78 (Bankr.S.D.N.Y. 1986)), *aff'd,* 1987 WL 47763 (E.D.N.Y.1987). This interpretation of section 1334(c)(2) reads a requirement into the statute which plainly does not exist. *See World Solar Corp. v. Steinbaum (In re World Solar Corp.),* 81 B.R. 603, 609–12 (Bankr.S.D.Cal.1988).

**17.** If a party does not consent to a bankruptcy court entering judgment in a non-core, "related to" proceeding, it can only make recommendations to the district court and those recommendations are subject to *de novo* review. 28 U.S.C. § 157(c). This two-tier review may favor a finding of timely adjudication in a state court.

**18.** A bankruptcy court cannot hear a jury trial in a "related to" case absent the consent of the parties. *See* 28 U.S.C. § 157(e) (effective in cases commenced on or after October 22, 1994) (bankruptcy judge may only conduct jury trial if authorized by district court and consented to by the parties); *Chiodo,* 88 B.R. at 787 (under law prior to 28 U.S.C. § 157(e), fact that bankruptcy court could not conduct an "advisory jury trial" in related proceeding in which consent for the bankruptcy court to enter final orders has not been given is persuasive in making "timely adjudication" finding). Thus, assuming there exists a right to a jury trial, for the proceeding to go forward in federal court, the *district court would* be required to withdraw the reference under 28 U.S.C. § 157(d). This layer of additional procedure may weigh in favor of the proceeding going forward in a state court.

and (7) whether the underlying bankruptcy case is a reorganization or liquidation case. *See, e.g., Chiodo,* 88 B.R. at 787; *World Solar,* 81 B.R. at 612; *J.D. Marshall, Int'l,* 74 B.R. at 654–55; *In re DeLorean Motor,* 49 B.R. at 911. While some of these factors require the moving party to present evidence, such as the status of the state court calendar and status of proceedings in the state court, other factors are evident from a bankruptcy court's record, such as the status of the adversary proceeding before it, the consent of parties to have the court enter judgments, and the nature of the underlying bankruptcy case.

▇▇▇▇ The Bankruptcy Court found that the Debtor and Personette did not prove that the State Court action could be timely adjudicated in the State Court. This conclusion was based on the fact that they did not present any evidence on the State Court's trial calendar. As noted above, however, this is only one of several factors to be considered in determining whether adjudication in State Court will be timely, and does not, taken alone, focus on the larger concern of whether the administration of the bankruptcy case will be impaired by adjudication in State Court. If bankruptcy case administration is the primary focus, the nature of the bankruptcy case is the single most important factor to be considered. This is true because timeliness is relative. As one court has noted:

> [W]here a Chapter 11 reorganization is pending, the court must be sensitive to the needs of the debtor attempting to reorganize. Lengthy delays in collecting outstanding accounts or resolving other claims which might substantially enhance the viability of the estate, may prove fatal to reorganization efforts. Therefore, in considering whether or not to abstain, timely adjudication necessarily weighs heavily for a Chapter 11 debtor.

*World Solar,* 81 B.R. at 612. On the other hand, in a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant. *Id.* Moreover, timely adjudication may be of lit-

tle significance in a chapter 11 case with a confirmed plan of reorganization if implementation of the plan is not centered around the resolution of the state court proceeding. This is generally evident when the plan does not mention the state court proceeding and the party charged with implementing the confirmed plan is the party seeking to litigate the proceeding in a forum other than the Bankruptcy Court.

Weighing all factors, we find that the State Court action can be timely adjudicated in the State Court because administration of the estate will not be impaired by its proceeding in that forum. From the record it is clear that the Debtor's bankruptcy case is a chapter 11 case with a confirmed plan of reorganization. The reorganized Debtor and Personette, not the Kennedys, are seeking to litigate the State Court action in the State Court. The Debtor's confirmed plan does not mention the State Court action. There is no provision in the plan for paying the Kennedys if they are successful in their counterclaim against the Debtor, nor is there any provision in the plan requiring the Debtor to pay a specific entity any monies that it may collect from the Kennedys if it is successful in the State Court action. As such, implementation of the Debtor's confirmed plan will not be impaired by proceeding in the State Court even if the State Court could not resolve the matter in more timely than the federal courts.

Furthermore, the Debtor and Personette have not consented to the Bankruptcy Court hearing this non-core "related to" proceeding, a jury demand has been made, no discovery has been taken and preliminary motions have not been made in the Bankruptcy Court proceeding, and the State Court action involves a small number of parties and uncomplicated issues of State law. The lack of evidence regarding the State Court and federal courts' calendars does not outweigh these factors.

Accordingly, assuming that it had jurisdiction over the State Court action, the Bankruptcy Court was required to abstain from hearing the action because: (1) the Debtor and Personette's motion for abstention was timely made; (2) the proceeding is based

exclusively on State law causes of action; (3) the causes of action asserted are related to the Debtor's bankruptcy case but do not arise under the Bankruptcy Code or arise in the bankruptcy case; (4) the State Court action could not have been commenced in federal court absent the Debtor's bankruptcy case; (5) the action was commenced in State Court and later removed to the Bankruptcy Court; and (6) the action can be timely adjudicated in the State Court.[19] . -

### C. *Allegations Of Bias Are Unsupported By The Record*

The Debtor and Personette assert that the Bankruptcy Court judge was biased. The record, however, is devoid of any proof in support of this very serious allegation, and they have never moved to disqualify the judge under 28 U.S.C. § 455. *See* 28 U.S.C. § 144. The Debtor and Personette seem to argue that bias is evident because the judge ruled against them. Such an allegation is not sufficient to prove bias; *see* 28 U.S.C. § 455 (setting forth grounds for disqualification); *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (interpreting bias in the context of section 455); and may be sanctionable. *See* Fed.R.App.P. 38; Fed.R.Bankr.P. 8018; 10th Cir. BAP L.R. 8018–1(e); *Braley v. Campbell,* 832 F.2d 1504 (10th Cir.1987); *see also Burkhart v. FDIC (In re Burkhart),* 84 B.R. 658 (9th Cir. BAP 1987) (Bankruptcy Appellate Panel may award sanctions under Rule 38). Even if the record did support this allegation, which we expressly hold it does not, the Debtor and Personette have not been harmed because we reverse the Bankruptcy Court.

### V. *Conclusion*

For the reasons stated above, the Court concludes that the Bankruptcy Court was required to abstain from hearing the State Court action under section 1334(c)(2). Accordingly, the order of the Bankruptcy Court is hereby REVERSED and this matter is REMANDED to the Bankruptcy Court with directions to enter an order remanding the State Court action to the State Court.

---

**19.** We note that "[e]ven where the court has abstained pursuant to § 1334(c), the stay granted under § 362 must be modified in order to allow the resolution of claims other than in the court with jurisdiction over the bankruptcy." *Pursifull v. Eakin,* 814 F.2d 1501, 1505 (10th Cir.1987). The issue of whether the automatic stay applies to the State Court action and, if it does, whether it should be lifted is not an issue before us on appeal.