Steven W. LEMMINGS, and City of Pryor Creek, on behalf of itself and all other persons and entities similarly situated, Plaintiffs,

v.

SECOND CHANCE BODY ARMOR, INC., Toyobo Company, Ltd., Toyobo America, Inc., Oklahoma Police Supply, Inc., Oklahoma Police Supply, LLC, John Doe Insurance Companies, Sellers, Distributors, Advertisers, and Individuals, Defendant.

No. 04–CV–865–TCK(PJC).

United States District Court, N.D. Oklahoma.

Jan. 11, 2005.

Allan Kanner, Conlee Schell Whiteley, Cynthia S. Green, Kelli Markelwitz Leger, Allan Kanner & Associates PC, New Orleans, LA, David M. Cohen, David H. Pope, William Pitts Carr, Carr Tabb Pope & Freeman LLP, Atlanta, GA, Gentner Frederick Drummond, Wilfred K. Wright, Jr., Drummond Law Firm, Jason Bjorn Aamodt, Miller Keffer & Bullock, Tulsa, OK, R. Benjamin Sherrer, Elliot & Sherrer, Pryor Creek, OK, for Plaintiffs.

Catherine Louise Campbell, Lyndon Wayne Whitmire, Thomas Gilmer Wolfe, Phillips McFall McCaffrey McVay & Murrah, Oklahoma City, OK, P. Rivka Schochet, Richard C. Sanders, Robert J. Haddad, Miller Canfield Paddock & Stone PLC, Troy, MI, W. Mack Faison, Miller Canfield Paddock & Stone, Detroit, MI, Arvin Maskin, Konrad L. Cailteux, Peter A. Antonucci, Weil Gotshal & Manges, New York City, Gregory S. Coleman, Lonny Hoffman, Weil Gotshal & Manges LLP, Austin, TX, Kathy Rene Neal, Mary Quinn–Cooper, Richard Mark Eldridge, Shelly L. Dalrymple, Vani R. Singhal, William Suttle Leach, Eldridge Cooper Steichen & Leach PLLC, Elizabeth Anne Hart, James W. Connor, Jr., Richards & Connor, Tulsa, OK, Michael J. Lyle, Weil Gotshal & Manges LLP, Washington, DC, for Defendants.

### ORDER

KERN, District Judge.

Before the Court are Plaintiffs' Combined Motion to Remand Action to Mayes County Court and Motion For Abstention Pursuant to 28 U.S.C. §§ 1334 and 1452(b) (Dkt. No. 16), Motion for Expedited Ruling on same (Dkt. No. 34) and Defendants' Toyobo Company, Ltd. and Toyobo America, Inc. ("Toyobo") Motion for Transfer (Dkt. No. 12).

### I. Background

This action involves state-based warranty, Oklahoma Consumer Protection Act, nuisance, unjust enrichment and punitive damage claims resulting from the production and sale of an alleged defective ballistic fiber that was once used in the making of bullet proof vests.

Involving only state claims, this matter was initially filed in March of 2004 in Mayes County District Court, State of Oklahoma. Thereafter, a scheduling order issued. In coordination with the state court, it appears that the parties have largely adhered to that schedule, having concluded discovery on October 22, 2004, and maintaining the trial date of January 20, 2005. That is, until Defendant Second Chance Body Armor, Inc. ("Second Chance") filed for Chapter 11 bankruptcy protection on October 17, 2004. Based on the Chapter 11 filing by Second Chance however, Toyobo removed to this Court and moved for transfer to the bankruptcy

court, located in the Western District of Michigan.[1]  *See* 28 U.S.C. §§ 1334(b), 1452.  Plaintiffs now move to remand.

## II.  Motion to Transfer

■■■  Toyobo urges the Court to decide its Motion to Transfer before deciding the Motion to Remand, and further requests the Court deem the Motion to Transfer admitted because Plaintiffs have not responded to the Motion to Transfer. The Court will do neither.  Plaintiffs timely filed their Motion for Extension of Time to Respond to Plaintiff's Motion to Remand and it is therefore construed as their effective response (Dkt. No. 17).  More importantly, this Court finds that jurisdictional propriety should be determined first.  *See Ni Fuel Co., Inc. v. Jackson,* 257 B.R. 600, 611–12 (N.D.Okla.2000) ("This Court should decide the jurisdictional issues raised .... If there is a jurisdictional defect and the parties and the action are not properly before the Court, any action taken by the [transferee] Court would be void.") (quoting *Work/Family Directions, Inc. v. Children's Discovery Centers, Inc.,* 223 B.R. 40 (1st Cir. BAP 1998)).

## III.  Motion to Remand

Plaintiffs assert remand can be premised on mandatory or permissive abstention pursuant to 28 U.S.C. § 1334[2] or the provision of equitable remand provided for in § 1452.  The Court concludes that this case meets the requirements under section 1334(c)(2) for mandatory abstention and should therefore be remanded to state court.  Thus, the Court need not address whether it would, in its discretion, remand the case under section 1452(b) or 1334(c)(1).[3]

Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(2) applies if the following elements are satisfied:  (1) the motion for

---

1.  Michigan is Second Chance's home state.

2.  Toyobo argues that abstention, whether permissive or mandatory, would not achieve remand to state court.  This is so, Toyobo says, because § 1334(c) "presupposes the existence of a parallel proceeding pending in state court" and that the "fundamental distinction between abstention and remand" precludes this Court from simultaneously abstaining and remanding this matter.  Toyobo's Resp. to Pls. Combined Mot. pp. 11–12. Toyobo further states, "[a] state court ... cannot assert jurisdiction over a removed claim if the federal court simply abstains; rather, a state court can assert jurisdiction over a claim only if the federal court first remands."  *Id.* at 12.  Toyobo's argument is

directly contrary to controlling Tenth Circuit precedent.  "The majority of courts ... hold that abstention is applicable to removed cases.  These courts find that two proceedings are not necessary for abstention to apply and abstention, or abstention coupled with remand, transfers a removed proceeding to state court .... We conclude that the majority position that abstention applies to removed cases is correct ...." *Personette v. Kennedy,* 204 B.R. 764, 774 (10th Cir. BAP 1997).

3.  In a similar matter filed in California state court, involving both Toyobo and Second Chance, Toyobo also removed after Second Chance's bankruptcy filing.  There, the federal court remanded *sua sponte,* pursuant to 1334(c)(1).

abstention was timely made; (2) the proceeding is based exclusively on state law causes of action; (3) the causes of action asserted are related to the bankruptcy case but do not arise under the Bankruptcy Code or arise in the bankruptcy case; (4) the state court action could not have been commenced in federal court absent the bankruptcy case; (5) the action was commenced in state court and later removed to the bankruptcy court; and (6) the action can be timely adjudicated in the state court.

All factors but three (3) and six (6) are undisputed. Plaintiffs' Motion for Abstention was made just one (1) week after this matter was removed to this Court. *See Personette*, 204 B.R. at 776–777 (holding a motion is timely if it is made as soon as possible after learning grounds for a such motion). There is no dispute that all claims arise under state law and the parties are non-diverse, thus there is no basis for federal jurisdiction save the bankruptcy action. Finally, the matter was filed in state court and removed to this Court. Factors one (1), two (2), four (4), and five (5) are easily satisfied.

■ Factor three (3) requires the causes of action asserted are related to the bankruptcy case but do not arise under the Bankruptcy Code or arise in the bankruptcy case. In short, for § 1334(c)(2) to apply, the causes of action asserted must not be core proceedings. "[C]ore proceedings are defined as those which arise under title 11 or arise in a case under title 11, they 'are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings.' (quoting *Gardner v. U.S.*, 913 F.2d 1515, 1518 (10th Cir.1990)) (other citations omitted). '[T]he touchstone would seem to be whether the case has a life of its own in

either state or federal common law or statute independent of the federal bankruptcy laws.' If it does, it is not a 'core proceeding'; if it does not, it is." *In re Schempp Real Estate, LLC*, 303 B.R. 866, 873 (Bkrtcy.D.Colo.2003) (quoting, *In re Marine Pollution Service, Inc.*, 88 B.R. 588, 596 (S.D.N.Y.1988) rev'd on other grounds by 857 F.2d 91 (2nd Cir.1988)) (quoting *In re Kaiser*, 722 F.2d 1574, 1582 (2nd Cir. 1983)); *see, also, Personette*, 204 B.R. at 771 ("core proceedings are defined as those which arise under and arise in the bankruptcy case.") By contrast, an action that is "related to" the bankruptcy proceeding is that which can exist independent of the bankruptcy matter but the outcome of it could possibly have an effect on the estate being administered in the bankruptcy. *Ni Fuel v. Jackson*, 257 B.R. 600, 608 (N.D.Okla.2000).

■ Toyobo argues this matter is a core proceeding because the present parties have asserted claims and counterclaims against Second Chance. While it is true that counterclaims and the allowance or disallowance of claims fall within the definitions of "core proceedings" under §§ 157(b)(2)(B) and (C), Toyobo's argument is in conflict with the Tenth Circuit's view that matters that stand on their own outside of bankruptcy are, in fact, non-core proceedings. *In re Schempp*, 303 B.R. at 874 (quoting *Gardner v. U.S.*, 913 F.2d 1515, 1518 (10th Cir.1990)). " '[C]laims (or counterclaims) asserted against the debtor pre-petition are not transformed into core proceedings simply because the debtor files for bankruptcy and removes them.' " *Id.* (quoting *Asousa Partnership v. Pinnacle Foods, Inc.*, 264 B.R. 376, 387 (Bankr. E.D.Pa.2001)). And as Toyobo well knows, that is precisely the situation in the instant case.

■ To determine whether the final factor is satisfied—whether this matter can

be timely adjudicated in state court—this Court must consider: (1) the backlog of state and federal court calendars; (2) the status of the proceeding in the state court prior to being removed; (3) the status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made, and; (7) whether the underlying bankruptcy case is a reorganization or liquidation. *Personette,* 204 B.R. at 778–79.

The last factor is the more important, and thus the Court begins its analysis there. *Id.* Second Chance seeks Chapter 11 reorganization, however, the bankruptcy case is relatively new—just filed on October 18, 2004—and thus unlikely to be settled in the near future. There are no court ordered deadlines for Second Chance to submit a plan and no commitment from Second Chance of a date to submit a plan. Further, since there are only possible claims for indemnification[4] and contribution among Defendants, there would be little impact on the bankruptcy estate by the trial of this matter in state court, particularly if the matter proceeds to trial on January 20, 2005 or shortly thereafter.[5] *Cf. Ni Fuel v. Jackson,* 257 B.R. at 612.

Considering the nature of the bankruptcy proceeding primary, while also assessing all other factors, the Court finds there is sufficient evidence that this matter can be timely adjudicated in state court. There is no evidence of back log in the Mayes County court, and this matter has been proceeding apace since its filing: it is set for trial on January 20, 2004 before the state court and discovery was complete as of October 22, 2004. On the other hand, if this Court were to deny abstention, a trial date would not be available herein until at least until July of 2005. This is not a complex matter but rather one that is best before an Oklahoma state court. The idea of a federal court in Michigan deciding classic warranty, consumer protection, tort, and punitive damage claims made under Oklahoma law offends the notions of justice and comity. Finally, Plaintiffs have at all times in this matter denied consent for the bankruptcy court to hear any of the claims against Toyobo or OPS and demanded jury trial on all claims but for that of unjust enrichment. *See Personette,* 204 B.R. at 779, nn. 17–18 (holding that refusal to consent to the bankruptcy court to adjudicate non-core proceedings and a request for a jury trial weigh in favor of abstention and remand). This matter can continue to be efficiently managed by the state court and thus timely adjudicated therein.

Plaintiff's Combined Motion for Abstention and Remand is GRANTED (Dkt. No. 16) as is Plaintiff's Motion for Expedited Ruling on same (Dkt. No. 34). Toyobo's Motion to Transfer (Dkt. No. 12) is therefore is DENIED as moot. The Clerk of the Court is ORDERED to remand this

---

4. It appears there is one cross-claim for indemnification by Oklahoma Police Supply Inc. and Oklahoma Police Supply, LLC ("OPS") against Toyobo and Second Chance. This was filed in state court prior to the commencement of Second Chance's bankruptcy.

5. In *Personette,* the Tenth Circuit noted the importance of being "sensitive to the needs of the debtor attempting to reorganize." 204 B.R. at 769. In a separate but related action,

Second Chance has moved another federal court to abstain and remand pursuant to § 1334(c)(2). That case was also removed by Toyobo after Second Chance's Chapter 11 filing. *See* Pls. Reply at Ex. A. Second Chance's motion to remand therein demonstrates its lack of concern that state court adjudication of pending claims, such as the ones at issue here, would disadvantage its reorganization effort.

matter to the District Court of Mayes County, State of Oklahoma.