FILED
United States Court of Appeals
Tenth Circuit

**March 15, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In the Matter of:  GEORGE LOVE
FARMING, LC,

    Debtor.

-------------------------------

GEORGE B. LOVE; VALAYNE LOVE;
SNOWVILLE FARMS, LLC, a Utah
limited liability company; GEORGE
LOVE FARMING, LC, a Utah limited
liability company,

    Plaintiffs–Appellants,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION as RECEIVER for
BARNES BANKING CORPORATION,
a Utah corporation,

    Defendant–Appellee.

No. 10-4076
(B.A.P. No. 08-094-UT)

---

**ORDER AND JUDGMENT**[*]

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Before **KELLY**, **TACHA**, and **LUCERO**, Circuit Judges.

_____

George Love and several farming entities he operated filed for Chapter 11 bankruptcy. Barnes Banking Company ("Barnes"[1]) was a creditor involved in the bankruptcy proceedings. After a Chapter 11 reorganization plan was confirmed, a Love entity filed a new bankruptcy petition under Chapter 7. And while the Chapter 7 case was active, Love, several of his farming entities, and his wife Valayne Love, filed suit against Barnes in Utah state court. Barnes removed the state lawsuit to the bankruptcy court and prevailed on summary judgment. The bankruptcy appellate panel ("BAP") affirmed.

George Love, Valayne Love, George Love Farming, LC, and Snowville Farms, LLC ("Snowville"), seek to appeal the grant of summary judgment. We have no jurisdiction over the claims of Valayne Love, Snowville, and George Love Farming, LC, and therefore dismiss those parties' appeals. Exercising jurisdiction over George Love's claims pursuant to 28 U.S.C. §§ 158(d)(1) and 1291, we affirm.

**I**

In August 2004, George Love and Snowville, one of the farming companies he operated, filed voluntary Chapter 11 bankruptcy petitions in Utah Bankruptcy Court. By

---

[1] Barnes is now a failed financial institution in Federal Deposit Insurance Corporation ("FDIC") receivership. The FDIC was substituted for Barnes as the real party in interest. For clarity's sake we will refer to the appellee as "Barnes."

early 2005, faced with continued "cash flow problems," Love and Snowville moved to consolidate their bankruptcies with several other Love-controlled entities. The bankruptcy court granted the motion, creating a Chapter 11 bankruptcy estate comprised of all assets and liabilities of the following parties:

(1) George B. Love;
(2) Snowville Farms, LLC;
(3) George Love Farming, LC;
(4) George Love Farming Partnership; and
(5) George Love Family Partnership

(collectively, the "Consolidated Debtors"). Pursuant to a confirmed Chapter 11 reorganization plan, the Consolidated Debtors were to jointly manage Love's farming operations and repay creditors, including Barnes, from crop proceeds or funds from a United States Department of Agriculture Farm Service Agency loan (the "FSA Loan").

According to appellants, the Consolidated Debtors applied for an FSA loan to make the payments to Barnes and other creditors. Barnes held a lien on the Consolidated Debtors' crops, and the FSA would not provide a loan unless Barnes executed a lien waiver. Appellants contend that Barnes would not sign a lien waiver, and the FSA accordingly refused to make the loan, rendering the Consolidated Debtors unable to comply with the Chapter 11 plan.

The Consolidated Debtors unsuccessfully moved to compel Barnes to execute the FSA lien waiver in the Chapter 11 proceeding. On appeal, the BAP agreed with the bankruptcy court that: (1) Barnes did not breach the plan by refusing to sign the FSA lien waiver; and (2) "by putting another entity in Chapter 7 bankruptcy, selling one of its

farms, and allowing the other farm to be placed under contract, [the Consolidated Debtors] had effectively abandoned" the Chapter 11 plan.

Indeed, before the BAP decided the Chapter 11 appeal, George Love Farming, LC, filed a separate Chapter 7 bankruptcy petition. The bankruptcy court held that the Chapter 11 plan consolidated all debtors, such that "when George Love Farming, LC, filed [the] Chapter 7 case, it did so as the alter ego of the entire Consolidated Estate," and therefore the Chapter 7 estate "includes all of the assets and liabilities of the Consolidated Estate because it includes all of the Consolidated [Debtors]."

George Love, Valayne Love, George Love Farming, LC, and Snowville then initiated a third legal action, suing Barnes in Utah state court on theories similar to those advanced in the Chapter 11 case. Because the Chapter 7 proceeding was ongoing, Barnes removed the state action to bankruptcy court. The state court plaintiffs filed a motion to remand, which was denied. George Love Farming, LC, via its Chapter 7 Trustee, settled its state law claims with Barnes. Barnes prevailed on summary judgment against all other debtors, and the BAP affirmed. George Love, Valayne Love, George Love Farming, LC, and Snowville now seek to appeal.

**II**

As a threshold matter, Barnes contends that we do not have subject matter jurisdiction over the appeals of Valayne Love, George Love Farming, LC, and Snowville. Reviewing our subject matter jurisdiction de novo, see Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008), we agree.

- 4 -

Barnes is now in FDIC receivership. Accordingly, our jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of" Barnes is limited by statute. 12 U.S.C. § 1821(d)(13)(D). When a failed financial institution is placed into FDIC receivership, claims against the institution must be submitted to the FDIC for administrative determination. See § 1821(d)(3)-(10). The claims process is a mandatory prerequisite to judicial review. § 1821(d)(13)(D). Federal courts may exercise jurisdiction only after a claimant has completed the administrative claims process. See § 1821(d)(6)(A)(ii), (d)(7)(A), (d)(8)(C).

The claims process is mandatory, whether a case is filed after a receiver is appointed or, as here, before the bank failed. Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103, 106 (10th Cir. 1991) ("No interpretation [of § 1821(d)] is possible which would excuse this requirement for creditors with suits pending . . . ."); see also Marquis v. FDIC, 965 F.2d 1148, 1151 (1st Cir. 1992) ("[P]articipation in the administrative claims review process [is] mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver.").

George Love Farming, LC, Valayne Love, and Snowville (i.e., all appellants save George Love himself) did not file their claims with the FDIC. Appellants contend that we should distinguish between suits filed before and after a receiver is appointed, citing a Tenth Circuit case, Marc Development, Inc. v. FDIC, 992 F.2d 1503 (10th Cir. 1993), in

- 5 -

which we recognized such a distinction. Unfortunately for appellants, however, that decision was vacated. Marc Dev., Inc. v. FDIC, 12 F.3d 948, 949 (10th Cir. 1993) (en banc).

Our only case on point confirms that there is no difference between pre-receivership claims and post-receivership claims with respect to § 1821(d)'s jurisdictional bar. See Mustang Partners, 946 F.2d at 106; see also § 1821(d)(6)(A)(ii) (providing for judicial review following the administrative claims process to "continue an action commenced before the appointment of the receiver"); § 1821(d)(7)(A) (permitting an administrative hearing "in lieu of filing or continuing any action under paragraph (6)"); § 1821(d)(8)(C) (allowing certain claimants "to file a suit, or to continue a suit filed before the appointment of the receiver" after complying with an expedited administrative review process). This precedent is consistent with the majority of circuits that have considered the issue. See Intercontinental Travel Mktg., Inc. v. FDIC, 45 F.3d 1278, 1283-84 (9th Cir. 1994); Brady Dev. Co., Inc. v. Resolution Trust Corp., 14 F.3d 998, 1003-06 (4th Cir. 1994); Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993); Marquis, 965 F.2d at 1151. But see Whatley v. Resolution Trust Corp., 32 F.3d 905, 907-10 (5th Cir. 1994).

Only George Love completed the administrative claims process. We therefore have jurisdiction solely over his appeal.

## III

## A

Love contends that the bankruptcy court lacked jurisdiction over his state-law claims because they were not core bankruptcy matters and were unrelated to the Chapter 7 proceeding. We review the question of whether a bankruptcy court had subject matter jurisdiction de novo. Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.), 40 F.3d 1084, 1085 (10th Cir. 1994).

Bankruptcy courts may exercise jurisdiction over "core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Core proceedings "include, but are not limited to . . . matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." § 157(b)(2)(A), (O). Further, district courts "may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." § 157(a). The District of Utah has so provided. See D. Utah Civ. R. 83-7.1. Accordingly, the Utah Bankruptcy Court has jurisdiction over all matters that are: (1) core bankruptcy proceedings; or (2) related to ongoing bankruptcy proceedings.

Love's state court complaint alleged: (1) the Chapter 11 plan constituted a contract, which Barnes breached by failing to sign the lien waiver; (2) Barnes' refusal to sign the lien waiver, failure to confirm a crop insurance rider or allow the FSA to confirm

- 7 -

a crop insurance rider, and refusal to honor several checks were breaches of the implied covenant of good faith and fair dealing; and (3) Barnes owed a fiduciary duty to Love, which it breached by failing to cooperate with him in obtaining the FSA loan.

The bankruptcy court correctly held the state court action was a core proceeding. First, George Love Farming, LC, the Chapter 7 debtor, was a plaintiff in the state court action and Barnes, a creditor, was the defendant. A suit by the debtor against a creditor, based on a confirmed bankruptcy plan, would necessarily have affected the size of the estate and the "debtor-creditor . . . relationship." § 157(b)(2)(O). Second, the parties disputed whether the Chapter 7 estate owned the state law claims; thus the state court action was "a matter[] concerning the administration of the estate." § 157(b)(2)(A).[2]

**B**

Love contends the doctrine of "mandatory abstention" required the bankruptcy

---

[2] Love also contends the state action was not "related to" a bankruptcy proceeding, an alternative basis for bankruptcy court jurisdiction. This contention borders on the frivolous. "The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Gardner, 913 F.2d 1515, 1517-18 (10th Cir. 1990). As noted above, a Chapter 7 debtor's lawsuit against a Chapter 7 creditor will almost always affect the estate.

Love's assertion of this argument continues a troubling pattern of conduct. Our review of the record reveals the filing of redundant and apparently vexatious lawsuits, repeated attempts to violate automatic stays, and obfuscation of the issues before the bankruptcy courts, all for the apparent purpose of frustrating the administration of the bankruptcy estate. As the bankruptcy court found, Love engaged in a bad faith "pattern of abuse." Such disregard for the integrity of the state and federal courts is unacceptable both from Love and his counsel.

court to remand the state court action back to Utah state court. We review this claim de novo. Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764, 770 (B.A.P. 10th Cir. 1997).

Congress has provided that bankruptcy courts must abstain from hearing certain state law claims, despite possessing jurisdiction to consider them. See 28 U.S.C. § 1334(c)(2). A party seeking mandatory abstention must establish six elements: (1) a timely motion to abstain was filed; (2) the action was based upon a state law claim; (3) the bankruptcy court had only "related to" jurisdiction; (4) there was no independent federal jurisdiction; (5) the action was commenced in state court; and (6) the action is capable of timely adjudication in state court. Midgard, 204 B.R. at 776-78. Because we have concluded that the state court action was a core proceeding, see Section III.A, supra, Love's mandatory abstention argument fails on the third prong of this test.

## C

On summary judgment, the bankruptcy court dismissed many of Love's claims as precluded by the doctrines of the law of the case and collateral estoppel.[3] However, it considered and rejected some claims on the merits. The bankruptcy court's grant of summary judgment is reviewed de novo. Burke v. Utah Transit Auth. & Local 382, 462

---

[3] The dismissed claims concerned Barnes' duty to execute a lien waiver, which had been litigated in the Chapter 11 case. Valayne Love argues she was not a party to the Chapter 11 proceedings and thus cannot be bound by the prior determination. But we do not have jurisdiction over Valayne Love's claims, see Section II, supra, and thus cannot consider her appeal of the grant of summary judgment.

F.3d 1253, 1257 (10th Cir. 2006). Summary judgment is only appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Love contends that Barnes breached various duties by failing to honor checks that were written after the Chapter 7 petition had been filed and were drawn on a Barnes bank account. According to Love, the account "h[eld] the balance of the 2005 crop proceeds." Barnes did not honor the check because the account on which it was drawn "contained solely proceeds from the sale of the 2005 and 2006 crops," which were assets of the Chapter 7 bankruptcy estate.

All claims relating to the checks were properly dismissed by the bankruptcy court. Love had no authority to withdraw funds from the Chapter 7 estate as a matter of law. See 11 U.S.C. § 362(a). Barnes accordingly had no duty to disburse the funds.

**D**

Love's final argument is that the bankruptcy court did not have jurisdiction over Valayne Love. Because Valayne Love did not complete the FDIC's administrative claims process, see Section II, supra, we have no jurisdiction over her appeal.

**IV**

We **DISMISS** the appeals of Valayne Love, George Love Farming, LC, and Snowville for lack of jurisdiction. We **AFFIRM** the bankruptcy appellate panel's

affirmance of the bankruptcy court's grant of summary judgment against George Love.


Entered for the Court


Carlos F. Lucero
Circuit Judge